IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,114-01






EX PARTE HAROLD "BUD" ERIC HAM, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3477-A IN THE 100TH DISTRICT COURT


FROM HALL COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years' imprisonment. The Seventh Court of Appeals affirmed his
conviction. Ham v. State, No. 07-09-00331-CR (Tex. App.--Amarillo 2011, pet. ref'd).

 Applicant contends that trial counsel rendered ineffective assistance because, among other
things, he advised Applicant that he was eligible for community supervision from the jury. 

 On September 18, 2013, we remanded this application and directed the trial court to make
findings of fact and conclusions of law after ordering counsel to respond to Applicant's claim. If the
trial court found that counsel's advice was deficient and the State made a plea offer that was less
severe than Applicant's sentence, we directed the trial court to also determine whether "Applicant
would have accepted the plea offer but for counsel's deficient advice, the State would not have
withdrawn its plea offer, and the trial court would have accepted it."

 On remand, the trial court concluded that counsel's advice was deficient, but it found, among
other things, that Applicant had failed to affirmatively state that he would have accepted the State's
plea offer had he known he was not eligible for community supervision from a jury. We believe that
Applicant has sufficiently alleged that he would have accepted the State's plea offer but for counsel's
deficient advice. 

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall determine whether Applicant would have accepted the State's plea offer
but for counsel's deficient advice, the State would not have withdrawn its plea offer, and the trial
court would have accepted it. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: February 5, 2014

Do not publish